**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

NICKEY BROWN,

        Plaintiff,                                                       Civil Action No. 09-3793

v.                                                                          District Judge Lemmon

**OIL STATES SKAGIT SMATCO,**                   Magistrate Judge Shushan

        **Defendant.**

## REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS

COMES NOW, Oil States Skagit Smatco, LLC ("Defendant" or "Oil States"), through undersigned counsel, and submits this reply in support of its Motion for Sanctions [Doc. No. 16] against Plaintiff, Nickey Brown ("Plaintiff").

### I. Plaintiff Admits that the Court Should Sanction Him.

In his short response to Oil States' motion for sanctions, Plaintiff admits that he has given incontrovertibly contradictory testimony in this lawsuit and that he should be sanctioned as a result. Specifically, Plaintiff admits that while he "testified in this proceeding that he quit because the harassment was compelling," he "testified in an MVA [motor vehicle accident] case that he quit because of injuries suffered in that accident." See Plaintiff's Opposition [Doc. No. 25], at p. 1. Plaintiff goes on to concede that his constructive discharge claim should be dismissed because it was "directly affected by the contradictory testimony." Id.

Based on Plaintiff's admission, Oil States respectfully requests that the Court dismiss Count Two of the Complaint – Plaintiff's constructive discharge claim. Oil States should likewise be awarded all the fees and costs it has incurred in the drafting and filing of this motion and reply. The Court should go further, however, and dismiss Plaintiff's entire Complaint.

## II. The Remainder of Plaintiff's Lawsuit Should Likewise Be Dismissed.

Plaintiff desperately asserts that dismissal of both Counts of the Complaint is too harsh a remedy, and instead proclaims that "[t]he remedy should be limited to dismissal of the count directly affected by the contradictory testimony." See Plaintiff's Opposition, at p. 1. Despite this well-timed effort to avoid any real sanction, the fact remains that Plaintiff admits he offered "contradictory" testimony in this litigation. He therefore should not be permitted to continue to pursue this matter, and Count One of the Complaint should likewise be dismissed. As Oil States noted in its original brief, federal courts faced with similar misconduct have often not restricted the reach of their sanctions orders to just one of the claims in a lawsuit, even when that particular claim was most "directly affected" by the sanctionable conduct, but have rather dismissed the guilty plaintiff's entire case and awarded the defendant its attorneys' fees and costs. See, e.g., Martin v. DaimlerChrysler Corp., 251 F.3d 691, 692-695 (8th Cir. 2001) (failure to disclose former employers in deposition warranted dismissal of case); Plasse v. Tyco Elecs. Corp., 448 F. Supp. 2d 302, 308 (D. Mass. 2006) (holding that dismissal is warranted "where a plaintiff deliberately conceals evidence of prior injury in order to enhance damages"); Knapp v. Convergys Corp., 209 F.R.D. 439, 440-43 (E.D. Mo. 2002) (willfully withholding employment history and lying during deposition warranted dismissal of case).

For Plaintiff to admittedly offer "contradictory" (which is putting it mildly) testimony in this case, and then be permitted to continue pursuing this litigation based solely on the fact that he

2

serendipitously asserted a related claim in the Complaint, would not constitute any sanction whatsoever. In fact, it would encourage such behavior so long as a plaintiff has a "throwaway" claim that can be offered up as a false sacrifice after the plaintiff has been caught offering perjured testimony. Instead, given the severity of the Plaintiff's admitted misconduct and the fact that it was so blatant, dismissal of this case is clearly appropriate. See, e.g., Pope v. Federal Express Corp., 974 F.2d 982, 984 (8th Cir. 1992) (affirming dismissal of claims because "manufactured evidence and perjured testimony had been introduced in an attempt to enhance the case through fraudulent conduct"). In addition, Oil States should be awarded the attorney's fees and costs it has incurred as a result of being forced to draft and file this motion and reply.

In the alternative, Oil States requests that the Court dismiss Plaintiff's claim for constructive discharge (as he requests) and award Oil States' its legal fees and costs associated with the drafting and filing of this motion and reply. Further, given that Plaintiff has admitted to sanctionable misconduct, Oil States alternatively requests that, should the Court not dismiss this entire action, the Court issue a finding, to be admitted into evidence at trial, that the Plaintiff was dishonest in this litigation and that he attempted to perpetrate a fraud on Oil States and the Court.

## III. Conclusion.

For all of the foregoing reasons, dismissal of this lawsuit is an appropriate sanction for Plaintiff's willful and admitted fraud upon the Court. The Court should therefore dismiss all of Plaintiff's claims with prejudice and at his cost.

Respectfully submitted this 17th day of August, 2010.

/s/ Rachel E. Linzy
SAMUEL ZURIK, III (Bar No. 24716)
RACHEL E. LINZY (Bar No. 29317)
The Kullman Firm
1600 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 524-4162

**COUNSEL FOR DEFENDANT**
**OIL STATES SKAGIT SMATCO**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2010, I caused to be filed with the Court's electronic court filing system the foregoing Reply to Plaintiff's Opposition to Defendant's Motion for Sanctions which will send a copy of the foregoing by electronic mail to:

J. Courtney Wilson
1510 Veterans Blvd.
Metairie, LA 70005
cwilson@courtlaw.net

/s/ Rachel E. Linzy